IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SURYAKANT BHAKTA AND SAVITABEN BHAKTA <br><br> vs. <br><br> EDDIE WILLIAMS THOMAS, JR. AND TRI-NATIONAL INC. | § <br> § <br> §   Civil Action No. <br> § <br> § <br> §   JURY DEMANDED |

# PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME SURYAKANT BHAKTA AND SAVITABEN BHAKTA**, hereinafter referred to by name or as Plaintiffs, and complains of **EDDIE WILLIAMS THOMAS JR, AND TRI-NATIONAL INC.**, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

## PARTIES

**1.** Plaintiffs are individual citizens of Texas residing in San Patricio County, Texas. They are bringing their individual claims for personal injuries sustained by them.

**2.** Defendant, **EDDIE WILLIAMS THOMAS, JR.** is a resident and citizen of Tennessee and can be served with process at his residence 605 Lake, Apt 14, Dyersburg, Tennessee 38024.

**3.** Defendant **TRI NATIONAL, INC.** (hereinafter referred to as "Tri-National") is a corporation registered to do business in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc. at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

1

**PLAINTIFF'S ORIGINAL COMPLAINT**
Suryakant Bhakta and Savitaben Bhakta v. Eddie Williams Thomas, Jr. and Tri National Inc.
In the United States District Court, Southern District of Texas, Corpus Christi Division
Civil Action No. _____

## JURISDICTION & VENUE

4.      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

5.      Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 (a)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this District. In particular, the incident causing Plaintiffs' damages and injuries at issue, occurred in the Southern District of Texas.

## FACTS

6.      On or about September 5, 2022, Plaintiffs were safely traveling south on US Highway 59 in Victoria County, Texas.  Defendant Eddie Williams Thomas, Jr. was stopped at the intersection of Stubbs School Street and Highway 59 when suddenly and without warning Defendant Thomas failed to yield the right of way at the stop sign and pulled into US Highway 59 thereby causing the collision in question.  At the time of the collision, Defendant Thomas, Jr. was an employee of Defendant Tri National, Inc. and was conducting business.  The Defendants' negligence proximately caused Plaintiffs' personal injuries and damages as more described herein.

## CAUSES OF ACTION AGAINST DEFENDANT
## EDDIE WILLIAMS THOMAS, JR.

**A.      NEGLIGENCE**

7.      Defendant **EDDIE WILLIAMS THOMAS, JR.** is sued for negligence.  He owed Plaintiffs a duty of ordinary care, he breached such duty and such breach proximately caused Plaintiffs' injuries and damages. The collision described above, and the resulting injuries and

2

**PLAINTIFF'S ORIGINAL COMPLAINT**
Suryakant Bhakta and Savitaben Bhakta v. Eddie Williams Thomas, Jr. and Tri National Inc.
In the United States District Court, Southern District of Texas, Corpus Christi Division
Civil Action No. _____

damages suffered by Plaintiffs, were proximately caused by the negligent conduct of Defendant **EDDIE WILLIAMS THOMAS, JR.** in one or more of the following respects, among others:

a. Failing to adequately turn the vehicle to the left or right in order to avoid an impending collision as would have been done by a reasonable person exercising ordinary prudence and care under the same or similar circumstances;

b. In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

c. In failing to take proper evasive action to avoid the collision;

d. In failing to timely and properly apply his brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

e. In failing to keep the vehicle he was driving under proper control, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

f. In driving in a reckless and unlawful manner; and

g. In failing to yield the right of way for a stop sign.

## CAUSES OF ACTION AGAINST DEFENDANT TRI-NATIONAL, INC

**B.     RESPONDEAT SUPERERIOR**

8.     Defendant **TRI-NATIONAL INC** are liable under the doctrine of *Respondeat Superior* in that **EDDIE WILLIAMS THOMAS, JR.** was operating the vehicle in the course and scope of his employment with Defendant **TRI-NATIONAL INC** at the time of the collision.

9.     At the time of the occurrence of the act in question and immediately prior thereto, **EDDIE WILLIAMS THOMAS, JR.**, was within the course and scope of his employment with Defendant **TRI-NATIONAL INC.**

3
_____
**PLAINTIFF'S ORIGINAL COMPLAINT**
Suryakant Bhakta and Savitaben Bhakta v. Eddie Williams Thomas, Jr. and Tri National Inc.
In the United States District Court, Southern District of Texas, Corpus Christi Division
Civil Action No. _____

**10.** At the time of the occurrence of the act in question and immediately prior thereto, **EDDIE WILLIAMS THOMAS, JR.** was engaged in the furtherance of Defendant **TRI-NATIONAL INC'S** businesses.

**11.** At the time of the occurrence in question and immediately prior thereto **EDDIE WILLIAMS THOMAS, JR.** was engaged in accomplishing a task for which **EDDIE WILLIAMS THOMAS, JR.** was employed.

**12.** Plaintiff invokes the doctrine of *Respondeat Superior* against Defendants **TRI-NATIONAL INC.**

**C.  NEGLIGENCE**

*13.* Defendant **TRI-NATIONAL INC.** was also independently negligent in one or more of the following respects:

   a. negligent hiring of **EDDIE WILLIAMS THOMAS, JR.**;

   b. negligent entrusting of the vehicle **EDDIE WILLIAMS THOMAS, JR.** was driving at the time of the collision;

   c. failing to verify **EDDIE WILLIAMS THOMAS, JR.'S** driver qualifications;

   d. negligent training of **EDDIE WILLIAMS THOMAS, JR.**;

   e. negligent retention of **EDDIE WILLIAMS THOMAS, JR.**;

   f. negligently directing or permitting **EDDIE WILLIAMS THOMAS, JR.** to operate the dangerous equipment;

   g. negligent establishment, implementation and enforcement of safety policies and procedures;

   h. failing to properly train **EDDIE WILLIAMS THOMAS, JR.** to safely operate a motor vehicle;

   i. Negligent supervision of **EDDIE WILLIAMS THOMAS, JR.**; and

   j. Negligent monitoring of **EDDIE WILLIAMS THOMAS, JR.**

4
_____
**PLAINTIFF'S ORIGINAL COMPLAINT**
Suryakant Bhakta and Savitaben Bhakta v. Eddie Williams Thomas, Jr. and Tri National Inc.
In the United States District Court, Southern District of Texas, Corpus Christi Division
Civil Action No. _____

**14.** As described herein, Defendant **TRI-NATIONAL, INC'S** negligence was a proximate cause of Plaintiffs' injuries and damages.

**15.** Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision, injuries, and other losses as specifically set forth herein.

**16.** The above-referenced acts and/or omissions by Defendant **TRI-NATIONAL INC** constitutes gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas Civil Practice & Remedies Code. Defendant was heedless and reckless, and its actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**17.** Defendants **TRI-NATIONAL INC** acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

**18.** Defendant had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiffs and others.

**19.** The above acts and/or omissions were singularly and cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

**20.** Therefore, for such gross negligence and malice on behalf of Defendant, Plaintiffs sue for exemplary damages in an amount to be determined at trial.

5

**PLAINTIFF'S ORIGINAL COMPLAINT**
Suryakant Bhakta and Savitaben Bhakta v. Eddie Williams Thomas, Jr. and Tri National Inc.
In the United States District Court, Southern District of Texas, Corpus Christi Division
Civil Action No. _____

## PERSONAL INJURY DAMAGES

**21.** As a result of the negligent acts and omissions committed by Defendants, Plaintiff has sustained damages in the past, and will continue to sustain damages in the future including, but not limited to:

    a.    Past physical pain;
    b.    Future physical pain;
    c.    Past mental anguish;
    d.    Future mental anguish;
    e.    Past loss of earning capacity;
    f.    Future loss of earning capacity;
    g.    Past disfigurement;
    h.    Future disfigurement;
    i.    Past physical impairment;
    j.    Future physical impairment;
    k.    Past medical care expenses; and
    l.    Future medical care expenses.

## EXEMPLARY DAMAGES

**22.** Because Defendants are guilty of negligence, Defendants should have punitive damages assessed against it and awarded to Plaintiffs in an amount deemed appropriate by the jury.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

**23.** Plaintiffs seek pre-judgment and post-judgment at the maximum legal rate.

## JURY DEMAND

**24.** Plaintiffs hereby request a trial by jury and hereby tenders the necessary jury fee.

6

**PLAINTIFF'S ORIGINAL COMPLAINT**
Suryakant Bhakta and Savitaben Bhakta v. Eddie Williams Thomas, Jr. and Tri National Inc.
In the United States District Court, Southern District of Texas, Corpus Christi Division
Civil Action No. _____

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual and exemplary damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be entitled, whether at law or in equity.

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:  /s/ *Craig D. Henderson*
**Craig D. Henderson**
**Federal Bar No. 5532**
craig@a2xlaw.com
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff***

7
_____
**PLAINTIFF'S ORIGINAL COMPLAINT**
Suryakant Bhakta and Savitaben Bhakta v. Eddie Williams Thomas, Jr. and Tri National Inc.
In the United States District Court, Southern District of Texas, Corpus Christi Division
Civil Action No. _____